**P. K. WALLACE et al., Appellants, v. FIRST NATIONAL BANK OF PARIS, Appellee.**

**No. 4194.**

Court of Civil Appeals of Texas. Texarkana.

May 31, 1932.

Rehearing Denied June 9, 1932.

Beauchamp & Lawrence and W. A. Hutchison, all of Paris, for appellants.

Long & Wortham and Moore & Moore, all of Paris, for appellee.

LEVY, J.

The suit was by the appellee bank upon a note executed by the appellant P. K. Wallace, payable to the order of the bank and for foreclosure of two deeds of trust, one covering 100 acres of land, and the other covering five tracts of land aggregating 181.7 acres. The deeds of trust were executed by P. K. Wallace to the bank to secure the payment of the note. There is no controversy on appeal as to the indebtedness sued for, or as to the foreclosure of the lien as respects the 100 acres of land. The controversy relates only to the 181.7 acres of land; the appellant P. K. Wallace and his wife claiming that the land constituted their homestead at the date of the deed of trust and because thereof the mortgage lien was legally ineffectual. The appellees Edna Loving McDaniel and Morris W. Wallace, children of P. K. Wallace, claimed that their father had only a life estate with fee-simple title in remainder to them in virtue of the joint will of their grandparents, W. J. Wallace and Betty L. Wallace. In keeping with the verdict of the jury, the court entered judgment for the appellee bank (1) for the full amount of the note, interest, and attorney's fees; and (2) a foreclosure of the lien and order of sale of the 100 acres; and (3) a foreclosure of the lien and order of sale of "the life estate of P. K. Wallace in the five tracts of land" aggregating 181.7 acres. The effect of the judgment was to deny the homestead claim of P. K. Wallace and wife. Judgment was entered in favor of Edna Loving McDaniel and Morris W. Wallace. P. K. Wallace and wife have appealed from the judgment.

It was proven that W. J. Wallace, father of P. K. Wallace, died July 6, 1919, and Betty L. Wallace, the mother, died March 1, 1921, leaving their joint will. The will as construed [(Sup.) 35 S.W.(2d) 1036] gives to P. K. Wallace a life estate with the remainder in fee to his children in the 181.7 acres. The evidence as respects homestead claim by the appellants in the 181.7 acres is substantially the same, and is without material difference from the former appeal [(Tex. Civ. App.) Bank v. Wallace, 13 S.W.(2d) 176], and is here referred to without repeating the same. In the former appeal [35 S.W.(2d) 1036, 1040] the Commission of Appeals determined that the evidence as a whole "raises a fact question to be determined." In keeping with that holding of the Commission of Appeals, the trial court submitted the questions here set out for finding by the jury of the existence or not of the factual elements as respects the intention and the overt acts manifesting the intention of P. K. Wallace to make the land in suit a homestead.

"1. After the marriage of P. K. Wallace and before he and his wife moved to the town of Deport, did P. K. Wallace and his wife occupy the land in controversy as their homestead with the knowledge and agreement of the father of P. K. Wallace that the land could be occupied by them as their homestead?" Answer: "Yes."

"2. Do you find from a preponderance of the evidence that at the time P. K. Wallace moved from the lands in question to the town of Deport or at any other time between the

time he moved from the land to Deport, and the time he signed the deed of trust in controversy on January 12, 1925, that he abandoned said lands as his homestead?" Answer: "No."

"3. Do you find from a preponderance of the evidence that from the date of the death of the parents of P. K. Wallace up to the time that he moved back to the farm in controversy in 1926, it was his intention to return to and occupy the farm as his homestead?" Answer: "Yes."

"4. If you have answered 'Yes' to the last question above, then do you find from a preponderance of the evidence that the defendant, P. K. Wallace, from year to year up to and including the year of 1925, and prior to the executing of the deed of trust, did or had done any work or improvements on said lands reasonably sufficient of itself to indicate his intention to return to and occupy said land as his homestead?" Answer: "No."

The objection on appeal is directed to the submission at all, and the considering of issue No. 4. In effect it is urged that the three preceding questions exhausted the issues in the case, and judgment in favor of appellant should have been entered thereon, and that No. 4 was immaterial and legally unnecessary and should have been disregarded. The point of the appellant is quite clearly and concisely outlined in the following quotation from the brief: "The tenancy at will held by P. K. Wallace became enlarged upon the death of his father, the holder of the fee simple title, under the terms of his will, and the two estates merged in P. K. Wallace, as the person who held both estates, and would support a homestead claim based on such tenancy where the husband and wife continued their intention to return and occupy the same as such." There is involved in the point the specially shown situation in the case of the original occupancy by P. K. Wallace and his family of 45 acres of the land under tenancy at will during the lifetime of his father, the owner, until the year 1910, when P. K. Wallace with his family left the farm and moved to the town of Deport and there acquired a home and occupied the same until 1919 when he sold it, moved to Paris, and there acquired a home where he continued to live as late as 1926. The mortgage in suit was given January 12, 1925. By joint will of the father and mother of P. K. Wallace he was devised a life estate in the land in suit. The father died in 1919 and the mother died in 1921. The issue No. 4 was seemingly predicated upon the view that, after the tenancy at will of P. K. Wallace was terminated by the death of his father, and after the acquisition of a life estate by will, it became necessary for P. K. Wallace, in order to impress the land with a homestead right, he having moved from the farm in 1910, thereafter to manifest his intention to further occupy the premises as homestead by some overt act. As a fact P. K. Wallace was not occupying any part of the land when he inherited an interest in it. The point as a legal question was discussed in the opinion of this court in the former appeal, and it would serve no purpose to restate the views of this court. The holding in former appeal was in effect that, P. K. Wallace having moved away from the farm in 1910 when he was tenant at will, and having established his home in town and pursued an urban business there, both before and after the death of his father, P. K. Wallace could not, as a matter of pure law, establish a homestead claim in the land in right of ownership under the will unless the intention to occupy the premises was manifested by acts of preparation of a physical character after the right of ownership of the land was acquired under the will. That view of the law was not intended, it is believed, to be questioned and held untenable by the Commission of Appeals. Their ruling was, as intended to be, to the extent merely, and no further, that the evidence as a whole did not warrant the holding "as a matter of law" that P. K. Wallace had not "impressed the premises with a homestead character," but "raises a fact question."

The judgment is affirmed.